```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Diane Berona,                    :

      Plaintiff,            :     Case No. 2:13-cv-00012

  v.                             :

Franklin County                  :     JUDGE EDMUND A. SARGUS, JR.
Treasurer, at al.,                     Magistrate Judge Kemp
                                 :
      Defendants.

## OPINION AND ORDER

This case is before the Court to consider a motion for leave to file an amended complaint and a motion to withdraw the motion for joinder filed by Plaintiff Diane Berona. (Doc. #27). Also before the Court is Ms. Berona's motion for attorney fees. (Doc. #17). For the reasons that follow, the motion to withdraw will be granted, but the motion for leave to amend and the motion for attorney fees will be denied.

## I. Background

On January 7, 2013, Ms. Berona filed this lawsuit against the Bank of America, N.A. ("BANA") and the Franklin County Treasurer, claiming that BANA cannot prove that it has a mortgage interest in her property and that it, therefore, improperly collected mortgage payments as well as the proceeds from a short sale of that property. Ms. Berona further alleges that the Franklin County Treasurer "may have an interest" in the property "by virtue of any unpaid real estate taxes and assessments." (Doc. #1 at 3, ¶8).[1] Based upon these allegations, Ms. Berona

---

[1] As this Court noted previously, "[n]owhere does Plaintiff indicate the relief she seeks from [the Franklin County Treasurer], nor is it clear to the Court what that relief might be." (Doc. #15 at 5). Although the Franklin County Treasurer has not made an appearance in this case, as discussed infra, this Court withheld granting a default judgment against the Franklin

attempts to bring claims for unjust enrichment and a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1962 et seq.  Ms. Berona also alleges that BANA engaged in fraud which led her to rely to her detriment on misrepresentations that it was the true holder of the note on the first and second mortgages on the property.  She seeks leave to amend the complaint to add a claim for breach of contract and also to allege that BANA is liable for actions taken by Countrywide Home Loans, Inc. ("Countrywide").  BANA opposes the motion for leave to amend, arguing that the motion is untimely, that Ms. Berona has not demonstrated good cause to extend the deadline in the Court's scheduling order, and that BANA would be unfairly prejudiced by granting leave.

Prior to addressing the motion for leave to amend, the Court will briefly address Ms. Berona's motion for leave to withdraw her motion for joinder filed on August 8, 2013.  Ms. Berona seeks to withdraw the motion for joinder based upon "new information" regarding the merger between Countrywide and BANA, which her counsel claims led her to file the motion for leave to amend. (Doc. #32 at 3).  More specifically, Ms. Berona no longer seeks to add Countrywide as a defendant, but rather wishes to plead that BANA is liable for any actions taken by Countrywide, based upon the terms of the merger.  BANA acknowledges Ms. Berona's desire to withdraw the motion for joinder, but does not oppose it.  (Doc. #28 at 1; Doc. #30 at 2, 5).  For good cause shown, the Court will grant the motion for leave to withdraw.  The Court now turns to the motion for leave to amend.  After addressing the motion for leave to amend, the Court will examine the motion for attorney fees.

---

County Treasurer until it has had an opportunity to hear the case against BANA on the merits.  <u>Id.</u>

## II. The Motion for Leave to Amend

Motions for leave to amend are evaluated under the standards in Fed. R. Civ. P. 15(a), which provides that leave to amend should be freely given if justice so requires. Fed. R. Civ. P. 15(a) cannot be read in isolation, however, but must be read together with Fed. R. Civ. P. 16(b). See Leary v. Daeschner, 349 F.3d 888, 906-07 (6th Cir. 2003). Fed. R. Civ. P. 16(b) requires the Court, in each civil action which is not exempt from the rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause. . . ." Consequently, the Court is permitted to examine the standard factors governing amendment of complaints under Fed. R. Civ. P. 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Fed. R. Civ. P. 16(b).

The Court has broad discretion to modify its own pretrial orders, but it must consider that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Rouse v. Farmers State Bank, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994). In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is

not equivalent to a showing of good cause.  See Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  See Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002).  It is with these standards in mind that Ms. Berona's motion will be decided.

 Although Ms. Berona filed her motion for leave after the established deadline, she did not address Fed. R. Civ. P. 16(b)'s good cause standard in her supporting memorandum.  Rather, Ms. Berona refers to Fed. R. Civ. P. 15(a) and argues that amendment should be allowed because "the case is still in the beginning stage," and amendment would further settlement.  (Doc. #27 at 3-4).  She also asserts that justice cannot be served without allowing amendment, and it is "judicially efficient to do so at this date."  Id.

 In its opposition to Ms. Berona's motion, BANA argues that Ms. Berona fails to satisfy the good cause requirement of Fed. R. Civ. P. 16(b).  BANA asserts that Ms. Berona "does not even acknowledge that there was a deadline for seeking leave to amend, much less present facts sufficient to establish good cause that the deadline should be extended to accommodate her motion." (Doc. #30 at 4).  BANA likewise argues that Ms. Berona was not diligent in seeking leave and that she has not shown that the need for additional time was unforeseeable.  Finally, BANA contends that denying leave to amend will not create a substantial risk of unfairness to Ms. Berona.  Accordingly, BANA urges that the relevant factors "weigh heavily against granting

4

leave." Id.

    Ms. Berona addresses the issue of good cause for the first time in her reply brief, stating that she "can easily satisfy the test under the Rule 16(b) analysis." (Doc. #23 at 2). Ms. Berona argues that she was diligent in seeking leave to amend and that the delay was caused by defense counsel's misrepresentation of facts concerning the merger between Countrywide and BANA. Id. at 3. Ms. Berona further argues that there would be substantial risk of unfairness to her if leave is not granted, and that filing the motion "a mere six days after the deadline" was not the result of bad faith. Id.

    In the Rule 26(f) report, counsel for both Ms. Berona and BANA agreed that June 21, 2013 was a reasonable deadline for filing a motion to amend the pleadings. (Doc. #20). Based on discussions at the first pretrial conference which suggested that Ms. Berona's counsel may require additional time to identify the proper parties, the Court issued an order permitting any motion to amend to be filed by August 21, 2013. (Doc. #21 at 2-3). Despite granting the additional time, Ms. Berona's counsel did not file the motion for leave to amend until after the August 21 deadline. The purported reason for delay, namely an alleged misrepresentation of fact by defense counsel concerning the relationship between Countrywide and BANA, is unsupported by the record. Simply put, there is no evidence to support Ms. Berona's argument that the delay was somehow caused by defense counsel, or that defense counsel misrepresented any fact concerning the merger between Countrywide and BANA. The merger that prompted the proposed amendments took place years ago, and the record does not support counsel's claim that the motion for leave to amend could not have been filed before August 21. Indeed, Ms. Berona's counsel readily admits that once she conducted "further research," she was able to learn that BANA merged with

5

Countrywide in 2008, with BANA assuming liability for Countrywide's obligations.  (Doc. #32 at 2).  Accordingly, the Court agrees with BANA's position that the "proposed amendments are not based on any newly discovered facts that were not available or known by Plaintiff at the time she filed her complaint."  (Doc. #30 at 4).  Moreover, Ms. Berona's counsel did not move for an extension or otherwise indicate that she would be unable to file the motion to amend until after the relevant deadline.  Because Ms. Berona's counsel fails to make any showing of reasonable diligence to provide this Court with a basis for finding good cause, the Court must deny the motion for leave to amend.

Looking briefly at the other relevant factors, the Court recognizes that the delay here is minimal and would not cause substantial prejudice to BANA given the early stage of the proposed amendment.  Nevertheless, the Court is required to deny the motion for leave to amend in light of counsel's failure to demonstrate the type of reasonable diligence that justifies extending a deadline found in an order issued under Rule 16(b). Counsel's blanket assertion that "there was no lack of due diligence," without any support for that statement in the record, simply does not make it so.  (Doc. #32 at 3).  Because the Court cannot excuse counsel's obligation to satisfy the good cause requirement of Fed. R. Civ. P. 16(b), there is no reasonable basis for adjusting the Court deadline in these circumstances. Consequently, Ms. Berona's motion for leave to amend will be denied.

### III. <u>The Motion for Attorney Fees</u>

The Court next turns to Ms. Berona's motion for attorney fees.  (Doc. #17).  In the motion, Ms. Berona contends that BANA's failure to timely answer the complaint caused her to incur "the fees associated with drafting and filing the Application to

6

the Clerk for Entry of Default, and the Motion for Default Judgment." (Doc. #17 at 2). In opposition, BANA argues that the costs incurred in moving for default were "unnecessary and premature." (Doc. #19 at 1).

The record reflects that Ms. Berona moved for entry of default on February 4, 2013 (Doc. #6), and the Clerk of this Court entered default the following day (Doc. #7). On February 21, 2013, BANA filed a motion to set aside the entry of default and for additional time to respond to the complaint. (Doc. #9). Ms. Berona did not respond to the motion, but instead filed a motion for default judgment. (Doc. #10). On April 10, 2013, the Court granted the motion for extension of time to respond and stayed briefing on the motion for default judgment until it issued a decision on the motion to set aside the entry of default. (Doc. #14).

On May 9, 2013, the Court issued an order granting the motion to set aside the entry of default and for additional time to respond to the complaint. (Doc. #15). In granting the motion, the Court found that Ms. Berona served BANA at a location where it did not typically receive service of process, causing a delay in forwarding the summons and complaint to the legal department. The Court also found that Ms. Berona would not be prejudiced by the setting aside of the entry of default, that BANA had a meritorious defense, and that its conduct was not culpable. Based upon these findings, the Court also held that Ms. Berona's motion for default judgment was moot as to BANA. The motion was also denied as to the Franklin County Treasurer. The Court made the latter determination despite the Franklin County Treasurer's failure to appear, opting for the preferred practice which is to withhold granting a default judgment until a trial of the action is heard against the appearing defendant.

As this Court has observed previously, "BANA moved promptly

to set aside the default before a judgment was entered or even moved for . . . " and the Court set aside the entry of default. (Doc. #15 at 4).  The Court will not award attorney fees for filing the motion for default.  Further, Ms. Berona's counsel also opted to incur additional costs at her own peril by choosing to file the motion for default judgment instead of responding to the motion to set aside and for additional time and by not recognizing the strong likelihood that the Court would set aside the entry of default.  Because Ms. Berona has failed to set forth any ground upon which this Court could award her attorney fees, the motion for attorney fees will be denied.

### IV. Conclusion

For the reasons set forth above, the motion to withdraw the motion for joinder filed by Plaintiff Diane Berona is granted. (Doc. #27).  The Clerk is directed to remove the motion for joinder (Doc. #23) from this Court's pending motions list.  The motion for leave to file an amended complaint (Doc. #27) and the motion for attorney fees (Doc. #17) are denied.

### V. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), F ed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

8

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge